# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2020

Lyle W. Cayce
Clerk

No. 20-40029
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIO TAPIA-BARAJAS, *also known as* OSWALDO ALVAREZ-COLINDRES, *also known as* MARTIN PENA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1555-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Mario Tapia-Barajas appeals the within-guidelines 18-month sentence imposed following his guilty plea to illegally reentering the United States following a prior deportation. He argues that his sentence was substantively

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

unreasonable because it was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He also contends that the district court erred by considering his bare arrest record. Although he frames this in terms of substantive reasonableness, we have considered this issue in terms of procedural error. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012).

We review the unpreserved challenge to the consideration of the bare arrest record for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010). The district court did not expressly refer to or rely on Tapia-Barajas's bare arrest record at sentencing. Further, even if the court had clearly or obviously erred, Tapia-Barajas does not even allege that, but for the court's consideration of his bare arrest record, he would have received a lesser sentence. Thus, he has not demonstrated reversible plain error. *See Puckett*, 556 U.S. at 135.

In another unpreserved claim of procedural error, Tapia-Barajas suggests that the district court "categorically refuse[d] to consider" the applicable guidelines sentencing range, and he conclusionally asserts that "[t]he district court abused its discretion by not properly calculating the punishment range under the guidelines, amendments and policy statements of retroactivity." He has abandoned these arguments by failing to adequately brief them. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *see also* Fed. R. App. P. 28(a)(8). In any case, they are flatly contradicted by the record.

By arguing for a four-month sentence in the district court, Tapia-Barajas preserved his claim that his 18-month sentence is substantively unreasonable. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). The within-guidelines sentence imposed here is entitled to a

presumption of reasonableness, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), that may be rebutted only "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors," *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). Tapia-Barajas has not shown that his bare arrest record received any weight, much less significant weight in the district court's sentencing decision. We have also rejected arguments like his that a sentence is substantively unreasonable because U.S.S.G. § 2L1.2 double counts criminal history, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and because the prior conviction is remote, *see United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). The record shows that the court listened to Tapia-Barajas's mitigating arguments and considered the 18 U.S.C. § 3553(a) factors. Given the appellate presumption of reasonableness, *see Alonzo*, 435 F.3d at 554, and the deference owed to the district court's weighing of the § 3553(a) factors, *see United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), Tapia-Barajas has not shown that his 18-month within-guidelines sentence is substantively unreasonable.

In light of the foregoing, the judgment of the district court is AFFIRMED.